NIN, RECURRENTE, *v.* EL REGISTRADOR DE SAN GERMÁN, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de San Germán denegando la inscripción de una escritura de hipoteca.

No. 417.—Resuelto en mayo 29, 1919.

PODER EXPRESO—BIENES GANANCIALES—ARTÍCULO 1615 DEL CÓDIGO CIVIL.—El poder conferido por la esposa a su marido y a otro mandatario "juntos y separadamente para que respecto a los bienes que su dicho marido posee en la Isla de Puerto Rico pueda él mismo o el otro mandatario consignar el expreso consentimiento de la señora mandante en todas las operaciones que aquél efectúe de ventas, hipotecas, cancelaciones y demás actos y contratos en que para su otorgación precise tal consentimiento," no incluye la necesaria autorización expresa que para hipotecar bienes de la sociedad de gananciales requiere el artículo 1615 del Código Civil.

ID.—Autorizado un mandatario para hipotecar los bienes que actualmente posee su mandante o los que adquiera en lo sucesivo, no está autorizado para hipotecar los bienes pertenecientes a la sociedad de gananciales de su mandante, pues para ello se necesita mandato expreso.

Los hechos están expresados en la opinión.

Abogados del recurrente: *Sres. Benet & Souffront.*

El registrador recurrido, Sr. Emigdio S. Ginorio, compareció por escrito.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El 2 de abril de 1919, Antonio Soler, como apoderado de Adolfo Andreu y de su esposa Casimira Catalá, hipotecó una finca perteneciente a sus poderdantes para responder de una deuda que éstos tenían contraída con José Nin Fontanillas. Presentada la escritura de hipoteca para su inscripción en el Registro de la Propiedad de San Germán, el registrador se negó a ello porque los poderes conferidos a Soler ''no contienen facultades expresas para gravar bienes de la sociedad de gananciales a la cual pertenece la finca hipotecada.''

El poder otorgado por doña Casimira Catalá que lo fué en Barcelona, España, en 1910, contiene la siguiente cláusula: ''Que da poder cumplido, amplio, especial y tan bastante cual en derecho se requiere y sea menester a su marido don Adolfo Andreu y Ferrer y a don Antonio Soler y Aymat, vecinos el primero de esta ciudad y el segundo de Maricao (Puerto Rico), juntos y separadamente, para que respecto a los bienes que su dicho marido posee en la Isla de Puerto Rico, pueda él mismo o el otro mandatario consignar el expreso consentimiento de la señora mandante en todas las operaciones que aquél efectúe de ventas, hipotecas, cancelaciones y demás actos y contratos en que para su otorgación precise tal consentimiento de la compareciente.'' Y el poder otorgado por don Adolfo Andreu, que lo fué en Maricao, P. R., también en 1910, confiere al apoderado facultades amplísimas con respecto ''a sus actuales bienes o a los que adquiera en lo sucesivo.''

El artículo 159 del Código Civil dispone que los bienes inmuebles de la sociedad conyugal no podrán ser enajenados o gravados sino mediante el consentimiento expreso de ambos cónyuges. Y el 1615 del propio cuerpo legal prescribe que para hipotecar se necesita mandato expreso.

En este caso existe mandato expreso para hipotecar, pero tal mandato no se refiere expresamente a los bienes de la sociedad de gananciales constituída por los esposos Andreu-Catalá, a los cuales pertenece la finca hipotecada.

El poder otorgado por la esposa es confuso. Seguramente fué su intención abarcar los bienes pertenecientes a la sociedad de gananciales, pero tal intención debió haberse traducido en expresiones directas, claras y precisas como la ley requiere.

Ya hemos visto que el poder del esposo se refiere a "sus actuales bienes o a los que adquiera en lo sucesivo." Esas frases no comprenden expresamente los bienes de la sociedad de gananciales. Así .lo decidió esta Corte Suprema en el caso *Vidal* v. *El Registrador de la Propiedad,* 12 D. P. R. 168, en el que se estableció la siguiente doctrina: "Autorizando un mandatario para vender los bienes pertenecientes a su mandante, o los que pudiera adquirir en lo sucesivo, no está autorizado para vender los bienes pertenecientes a ·la sociedad conyugal de su mandante, pues para ello se necesita mandato expreso." Esa misma doctrina se ratificó en el caso de *López Landrón* v. *El Registrador,* 15 D. P. R. 722; en ella se informa el caso de *Pérez* v. *El Registrador de Caguas,* 26 D. P. R. 740 y acaba de ser aplicada en el caso de *Beauchamps* v. *El Registrador,* decidido el 23 de mayo actual, (pág. 385).

Debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.